# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 11 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

W. Edward Skees
The Skees Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

John D. Cox
Lynch, Cox, Gilman & Goodman, P.S.C.
Louisville, Kentucky

Michael M. Maschmeyer
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christal Trowbridge,

*Appellant-Petitioner,*

v.

Everett Thomas Trowbridge,

*Appellee-Respondent*

In Re The Estate of Everett Thomas Trowbridge,

*Appellee-Respondent*

September 11, 2019

Court of Appeals Case No.
19A-DR-856

Appeal from the
Clark Circuit Court

The Honorable Marsha Owens Howser, Special Judge

Trial Court Cause No.
10C04-1108-DR-440

**Vaidik, Chief Judge.**

[1]   Christal L. Trowbridge ("Christal") and Everett Thomas Trowbridge ("Tommy") divorced in 2012. According to the parties' property-settlement agreement, Christal agreed to "Quit Claim her interest in all property" to Tommy, including a house on Tucker Avenue in Clarksville ("the property"). Appellant's App. Vol. II p. 22. Following the divorce, Christal never executed a quitclaim deed. In addition, the property-settlement agreement was never modified.

[2]   Tommy died in June 2018. Shortly thereafter, Tommy's brother opened an estate. *See* 10C01-1807-ES-32. In September 2018, the estate filed a motion in the divorce case to substitute itself for Tommy and to appoint a commissioner to "sign a [d]eed transferring [Christal's] interest in the [property]" to the estate. Appellant's App. Vol. II p. 20. In March 2019, without holding a hearing, the trial court allowed the substitution and "appointed [a] Commissioner to immediately act for and on behalf of [Christal] to effectuate [the] transfer of the property . . . pursuant to the parties' written Property Settlement Agreement[.]" *Id.* at 45.

[3]   Christal now appeals, arguing that the trial court violated her due-process rights by not holding a hearing before appointing a commissioner because if the court had held a hearing, it would have learned that (1) even though she agreed to quitclaim her interest in the property to Tommy as part of the divorce, after the divorce she and Tommy orally modified the property-settlement agreement so that she was no longer required to quitclaim her interest in the property and (2) after the divorce Tommy executed a will leaving the property to her anyway.

But as the estate argues in its brief, any oral modification of the property-settlement agreement regarding the property would have been prohibited by the statute of frauds, Indiana Code section 32-21-1-1. Notably, Christal doesn't dispute the estate's claim in her reply brief. And as for Christal's argument that she is entitled to the property under Tommy's will, this issue is currently being litigated in the estate case. *See Trowbridge v. Estate of Trowbridge*, No. 19A-ES-265 (Ind. Ct. App. July 15, 2019) (remanding the case to the trial court). While it may be the case that Christal is entitled to the property under the will in the estate case, she has no marital interest in the property under the property-settlement agreement (and therefore no due-process rights were implicated). We therefore affirm the trial court's order appointing a commissioner to transfer the property to the estate pursuant to the property-settlement agreement.

[4] Affirmed.

Riley, J, and Bradford, J., concur.